IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBORAH HART, ) | CASE NO.: 4:14-cv-03231 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **PROTECTION ORDER** |
| NOVARTIS CONSUMER ) | |
| HEALTH, INC., ) | |
| ) | |
| Defendant. ) | |

**WHEREAS** the Parties agree that the Parties to this action may consider certain information, documents, and other items discoverable in the above captioned matter, pursuant to Fed. R. Civ. P. 26(c), to be Confidential and that such party may seek to protect such items from disclosure, or to designate such items Confidential to avoid making such information available to non-disclosed party representatives, party employees, non-parties or the general public;

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties hereto, through their undersigned counsel, that:

1. The following definitions shall apply to the Stipulated Protective Order to be issued in this action:

   **"Attorneys"** means counsel of record;

   **"Confidential"** documents or materials are documents designated pursuant to paragraph 2;

   **"Protected"** documents or materials are documents and/or materials designated pursuant to paragraph 2, and protected in accordance with an Order of this Court;

   **"Documents"** are all materials within the scope of FED. R. CIV. P. 26 and 34; and,

   **"Written Assurance"** means an executed document in the form attached as Exhibit A.

2. **Confidential and/or Protected Documents/Material.** As used herein, the term "Confidential and/or Protected Documents/Material" shall mean confidential

1

personal information designated by a party in good faith to be Confidential and/or "information protected by state statute and any Order of this Court." Pursuant to Order of this Court: the following information is also considered Confidential or Protected Material and/or Confidential or Protected Information: Any personnel files or data of any present or past applicants for employment or employees of the Defendant. A party may designate any document, including interrogatory responses, other discovery responses, or transcripts, to be Confidential or Protected that it in good faith contends to constitute or contain Confidential or Protected material or information.

Each party shall designate such material it deems Confidential or Protected by marking all documents with the designations "Confidential" or "Protected". In lieu of marking a document with said designations, the producing party can produce written documentation in which it identifies the documents it designates Confidential or Protected. Only such portions of a deposition transcript as are affirmatively designated in writing by a party to be Confidential or Protected shall be treated as Confidential and/or Protected. The party designating a portion of a deposition transcript, as such, shall provide written notice to all parties by listing the page and inclusive line numbers of the material to be kept Confidential and/or Protected, and shall designate such pages Confidential and/or Protected. In any deposition transcript in which any portion of the transcript has been designated Confidential/Protected by any party, the court reporter, or the party holding the original transcript, shall imprint the word "Confidential" or "Protected" on the front page of the original of the deposition transcript. A deposition containing Confidential and/or Protected information shall not be filed with this Court unless it is filed as provided in Paragraph 8 of this Joint Stipulation for Protection Order. There shall be no need to re-designate documents used in exhibits to transcripts which have been previously designated as Confidential or Protected.

Expert reports and/or summaries containing Confidential and/or Protected information shall be automatically deemed Confidential and/or Protected if the information used to prepare the expert reports and/or summaries included Confidential and/or Protected Materials and/or Confidential and/or Protected information. An expert report may avoid such a designation if the expert report avoids specifically referencing

Confidential or Protected information and/or replaces Confidential or Protected information or with non-Confidential/Protected descriptions.

3. **Litigation of this Action.** As used herein, the phrase "litigation of this action" shall mean preparation for any hearing, trial, or appeal of this action, including but not limited to, pre-trial discovery, trial of this action, dispute resolution, and any judicial proceeding which relates to the subject matter of this action.

4. **Use of Confidential or Protected Information.** Unless and until agreed by the undersigned parties, or ordered by the Court, all materials and/or information appropriately designated to be Confidential and/or Protected, and any summaries, compilations or other work product which contains or reflects such Confidential/Protected materials, shall be kept and treated as Confidential or Protected and shall be used only for purposes of the litigation of this action.

5. **Qualified Persons to Whom Confidential Information May be Disclosed.** Confidential or Protected information may only be disclosed or made available on a need-to-know basis by the party receiving such information or documents to "Qualified Persons" who are defined to consist of:

   a. The United States District Court for the District of Nebraska, including court personnel and members of the jury;

   b. The parties named in this action, including the corporate representative(s) of Defendant (including any of its former and/or current officers, directors, employees, or agents);

   c. Counsel to all parties in this action and the clerical, secretarial, and paralegal staff employed by such counsel;

   d. Court reporters and videographers and related staff employed by such service providers in this action;

   e. Independent document reproduction services or document recording and retrieval services;

   f. Persons with prior knowledge of the documents or the Confidential information and/or Protected information contained therein;

3

g. Retained and/or potential experts, consultants, and/or investigators (including their employees and/or support staff) selected by a party to this action to assist in the prosecution or defense of this action;

h. Interviewees, potential witnesses, deponents, hearing or trial witnesses (as long as the disclosure occurs in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness); and

i. Any other person agreed to in writing by the parties.

6. **Disclosure of Protective Order to "Qualified Persons."** Each "Qualified Person or Entity" to whom Confidential or Protected information or material is disclosed pursuant to this Order shall be advised and execute a Written Assurance that the Confidential or Protected information is being disclosed pursuant to and subject to the terms of this Order.

7. **No Admission or Waiver.** Compliance with the terms of this Order by a party or non-party shall not operate as an admission that any particular document is or is not (a) Confidential, (b) Protected, (c) privileged, or (d) admissible in evidence. Counsel expressly agree that nothing in this Order shall serve to waive the right of any party to object at trial to the admissibility of any document or portion thereof, or the right to file a motion *in limine* regarding the use at trial of any document or portion thereof.

8. **Use of Confidential Information During Litigation.**

a. In the event a receiving party wishes to use any Confidential and/or Protected information or materials in any affidavits, briefs, memoranda of law, deposition transcripts, or other papers filed with the Court in this action, the party submitting the information to the Court shall file a motion to file restricted access documents. The motion shall state the restricted access documents filed contain Confidential and/or Protected information which is subject to an agreed protective order between the parties, and not to be placed on the public docket except upon order of the Court.

b. Documents filed by counsel as restricted access documents can be accessed and viewed by the attorneys of record and the Court, but not by the

general public. Once the motion to file as restricted access documents is granted, these documents will continue to be accessible for viewing by only the Court and the attorneys of record during the pendency of this case and after its conclusion.

    c.    This paragraph does not apply to exhibits offered at a hearing. Any party shall be entitled to seek a protective order concerning Confidential and/or Protected material to be introduced in such a proceeding as it deems reasonable and/or necessary to protect disclosure of such information to the public. No later than fourteen (14) days before the date of any hearing or trial, a receiving party shall advise a producing party in writing of any Confidential and/or Protected material he intends to use in such proceeding to afford the producing party an opportunity to seek a protective order.

    9.    **Plaintiff's Review of Confidential Information.** During the litigation of this action, Plaintiff shall be allowed to review Confidential and/or Protected material and/or Confidential and/or Protected information in her attorney's office. Plaintiff shall not maintain a separate copy nor remove any Confidential and/or Protected material and/or Confidential and/or Protected information from her attorney's office.

    10.    **Return of Confidential Information.** Promptly upon completion of this action, each party shall return to the designating party all documents designated by that party as Confidential and/or Protected and all copies and excerpts thereof, except deposition transcripts or documents filed with the Court. Each party shall certify in writing that it has returned all documents designated as Confidential and/or Protected in accord with this paragraph. Termination of the litigation of this action shall not, however, relieve any person to whom Confidential and/or Protected material and/or Confidential and/or Protected information was disclosed, including counsel for the parties, from the obligation of maintaining the confidentiality of all such material or information received pursuant to this Joint Stipulation for Protective Order.

    11.    **Objecting to Material Designated as Confidential.** Any party may object to the designation by any other party of any material as Confidential or Protected by notifying the party that designated the material as Confidential/Protected in writing and stating the basis for its objection. The parties shall, within seven (7) days after service

of the objection, confer in an attempt to resolve the dispute. If the designating party refuses to confer within the required seven (7) days, or if the parties are unable, after conferring, to resolve the matters, the dispute may be submitted to the Court for resolution. The party challenging the designation of materials as Confidential and/or Protected shall have the burden to establish the impropriety of that designation. If the Court determines that a party has unreasonably or in bad faith designated documents or materials to be Confidential and/or Protected which are neither confidential nor entitled to protection, the Court may award costs and sanctions as permitted under the Federal Rules of Civil Procedure.

12. **Inadvertent Disclosure.** If a party inadvertently produces any Confidential or Protected information without designating it as such in accordance with the provisions of this order, the producing party may give written notice to the receiving party that the information produced is deemed Confidential or Protected information and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such information as Confidential or Protected information from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Confidential or Protected information to persons not authorized to receive such Confidential or Protected information shall not be deemed a violation of this Order; provided, however, that the party making such disclosure shall make all reasonable efforts to notify any party to whom such disclosure was made that such information is Confidential or Protected pursuant to this Order. The parties shall attempt in good faith to retrieve any inadvertently produced Confidential or Protected information from anyone who is not a "qualified person" pursuant to this Order.

13. **Inadvertent Disclosure or Production of Documents.**

   a. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is Protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

b. Upon written notice of an unintentional production by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly return or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

c. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The producing party shall preserve the specified information until the claim is resolved.

d. The receiving party shall have ten (10) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

e. The producing party will then have ten (10) days from the receipt of the objection notice to submit the specified information to the Court under restricted access for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection. Any party may request expedited treatment of any request for the Court's determination of the claim.

f. Upon a determination by the Court that the specified information is Protected by the applicable privilege, and if the specified information has been sequestered rather than returned or destroyed, the specified information shall be returned or destroyed.

g. Upon a determination by the Court that the specified information is not Protected by the applicable privilege, the producing party shall bear the costs

of placing the information into any programs or databases from which it was removed or destroyed and render accessible any documents that were disabled or rendered inaccessible, unless otherwise ordered by the Court.

14. **Additional Protection.** Nothing in this stipulation shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the Confidential or Protected status of documents or other discovery material, or relief from this stipulation with respect to particular material designated hereunder.

15. **Jurisdiction.** This Court retains jurisdiction over this action to enforce this Protection Order and to enter such further orders as are necessary regarding any alleged violations of this Protection Order.

IT IS SO ORDERED,

June 9, 2015.                                   BY THE COURT:

                                                *[signature]*
                                                Cheryl R. Zwart
                                                United States Magistrate Judge

# EXHIBIT 'A'
## WRITTEN ASSURANCE

I, the undersigned, do hereby acknowledge that I have read the Joint Stipulation for Protection Order entered by the Court in the action of Hart v. Novartis Consumer Health, Inc. and hereby covenant, warrant and agree: (1) to abide in full by its terms regarding Confidential and/or Protected Information, as that term is defined in the Joint Stipulation for Protection Order, which I am being provided, and that I will not disclose or cause to be disclosed such Confidential and/or Protected Information to any person not permitted to receive or otherwise access such information under the Joint Stipulation for Protection Order, (2) that such Confidential and/or Protected Information should be used only for purposes necessary for this litigation in the action of Hart v. Novartis Consumer Health, Inc. and not for any other purpose, and (3) that upon termination of this action, I shall return all documents designated as Confidential and/or Protected and all copies and excerpts thereof, pursuant to the terms of the Protection Order.

DATED: _____

_____
Printed Name

_____
Signature

N:\WDOX\CLIENTS\20931\008\AGMT\00152041.DOCX